IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| THE VILLAGES CONDOMINEUM, ASSOCIATION, INC. | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 15-00630-CV-W-SWH ) |
| BARSTO CONSTRUCTION, INC. et al., | ) ) ) |
| Defendants. | ) |

## ORDER

On July 17, 2015, plaintiff, the Villages Condominium Association, Inc., filed suit in the Circuit Court of Jackson County, Missouri, against defendants Barsto Constructions, Inc., Continental Western Insurance Company, the Ohio Casualty Insurance Company, Auto-Owner's Insurance Company, State-Auto Property and Casualty Insurance Company (hereafter State-Auto), and Crum & Forster Specialty Insurance Company. Defendant State-Auto removed the action to this Court on August 21, 2015. (Doc. #1) Pending before this Court is plaintiff's motion to remand. (Doc. # 28) For the reasons stated herein, plaintiff's motion is granted.

## BACKGROUND

Plaintiff's action is an equitable garnishment action brought pursuant to Missouri Revised Statute section 379.200. (Doc. #1-1 at ¶27) Plaintiff previously received a judgment in its favor against Barsto in the amount of $2,180,150.00 plus statutory post-judgment interest. (Id. at ¶17) That judgment was entered on October 18, 2013, from the District Court of Johnson County, Kansas. (Id.) Plaintiff subsequently registered the judgment in the Circuit Court of Jackson County, Missouri, at Independence. (Id.) The current action was then filed in the Circuit Court

1

of Jackson County, Missouri. (Id.)

The litigation in Johnson County, Kansas resulted from Barsto's agreement to construct residential buildings, garages and other structures for a development in Olathe, Kansas known as Sunnybrook. (Id. at ¶9) At some point during construction, Barsto agreed to build additional residential buildings, garages and other structure. (Id. at ¶¶10-11) Some of the work on the additional structures was subcontracted out. (Id. at ¶11) The subcontractors were required to have Barsto named as an additional insured under the subcontractor's insurance policies and each subcontractor provided certificates to such an effect. (Id. at ¶12) The subcontractors were insured by the insurance companies named as defendants in the instant action. (Id. at ¶14) Barsto tendered defense of the litigation to the insurance companies and demanded indemnification but the insurance companies denied Barsto's tender and demand. (Id. at ¶15)

## DISCUSSION

Pursuant to 28 U.S.C. § 1441(a), a civil action brought in state court may be removed to federal court if the federal court would have had original jurisdiction had the action been filed in federal court. 28 U.S.C.A. § 1441(a). State-Auto removed the matter on the basis of diversity. (Doc. #1) When federal court jurisdiction is premised on diversity of citizenship, there must be complete diversity of citizenship between plaintiff and the defendants. Junk v. Terminix Int'l Co., 628 F.3d 439, 445 (8th Cir. 2010).

Furthermore, under the forum-defendant rule, "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C.A. § 1441(b)(2). Thus, "diversity jurisdiction in removal cases [is] narrower than if the case were originally filed in federal court by the

2

plaintiff." Hurt v. Dow Chem. Co., 963 F.2d 1142, 1145 (8th Cir.1992). The purpose of the removal statute is to restrict and limit removal jurisdiction; therefore, the statute is to be construed narrowly, and any doubt should be resolved against removal jurisdiction. In re Business Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir. 1993).

This Court must, therefore, determine the citizenship of each party. Plaintiff is a citizen of Kansas. (Doc. #1-1 ¶1) Defendant Barsto is a citizen of Missouri. (Id. at ¶2) Determining the citizenship of an insurance corporation, however, is dependent upon whether this is a direct action pursuant to 28 U.S.C. § 1332. Section 1332(c) states:

> **(c)** For the purposes of this section and section 1441 of this title--
> **(1)** a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, *except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of--*
> *(A) every State and foreign state of which the insured is a citizen*;
> **(B)** every State and foreign state by which the insurer has been incorporated; and
> **(C)** the State or foreign state where the insurer has its principal place of business; . . . .

28 U.S.C. § 1332(c)(emphasis added).

State-Auto[1] argues that an equitable garnishment action under section 379.200 is not a direct action. (Doc. # 31) Missouri's equitable garnishment statute allows a plaintiff who has previously obtained a judgment against an insured defendant, and the judgment is based on acts that were covered by the defendant's insurance, to "proceed in equity against the defendant and the insurance company to reach and apply the insurance money to the satisfaction of the judgment." § 379.200 R.S.Mo. In support of their position, State-Auto cites to DeMeo v. State

---

[1] Defendants Continental Western Insurance Company and Crum & Forster Specialty Insurance Company join and adopt as their own the arguments set forth by State-Auto. (Docs. 32 & 33).

3

Farm Mut. Auto. Ins. Co., Case No. 09-0472-CV-W-ODS, Doc. 10 (W.D.Mo. Aug. 26, 2009), an unpublished opinion. On the other hand, Plaintiff argues that section 379.200 is a direct action and provides a number of citations, both published and unpublished, which so hold.

As the court in Vill. at Deer Creek Homeowners Ass'n, Inc. v. State Auto. Ins. Co., No. 4:11-CV-339-NKL, 2011 WL 2681229 (W.D. Mo. July 8, 2011) found, "[f]ederal courts in Missouri have consistently referred to § 379.200 suits as "direct actions" under § 1332." Vill. at Deer Creek Homeowners Ass'n, Inc. v. State Auto. Ins. Co., No. 4:11-CV-339-NKL, 2011 WL 2681229, at *3 (W.D. Mo. July 8, 2011) (citing cases finding that equitable garnishment actions are direct actions). In fact, the court in Prendergast v. All. Gen. Ins. Co., 921 F. Supp. 653, 655 (E.D. Mo. 1996), found that "Missouri's equitable garnishment statute essentially does in two steps what the Louisiana statute that lead to the change in § 1332(c)(1) did in one step, and provides to the suing plaintiff the same remedy that a direct action against the insurance company would have provided, were that allowed under Missouri law." Prendergast v. All. Gen. Ins. Co., 921 F. Supp. 653, 655 (E.D. Mo. 1996).

In arguing that a suit under 379.200 is not a direct action, State-Auto additionally relies on Bloomer v. Viking Ins. Co. of Wisconsin, No. 4:15-CV-00210-MDH, 2015 WL 4135802 (W.D. 2015), and incorrectly states that the court "confirmed equitable garnishments are not 'direct actions.'" ([Doc. #31](Doc. #31) at 4) Bloomer, however, does not so hold. To the contrary, the court in Bloomer noted that equitable garnishment actions pursuant to section 379.200 are direct actions. Bloomer v. Viking Ins. Co. of Wisconsin, No. 4:15-CV-00210-MDH, 2015 WL 4135802, at *3 n. 7 (W.D. 2015).

Therefore, this Court finds that the equitable garnishment statute is a direct action and thus the insurers are deemed citizens of the insured's state. As citizens of Missouri, the forum

4

defendant rule requires that this matter be remanded to state court.

Conclusion

Based on the foregoing, it is

ORDERED that the plaintiff's Motion to Remand (Doc. # 28) is GRANTED.


                                                 */s/ Sarah W. Hays*
                                                 SARAH W. HAYS
                                           UNITED STATES MAGISTRATE JUDGE